## CIRCUIT COURT OF FAIRFAX COUNTY

Howard

v.

Mary E. Howard

April 29, 1993

Case No. (Chancery) 107126

BY JUDGE QUINLAN H. HANCOCK

This case is before the Court on remand from the Court of Appeals for a determination of child support and spousal support. The case was scheduled for two days but lasted four days. Regrettably, instead of counsel for Dr. Howard assisting the Court in reaching a fair and equitable resolution of the issues involved, he has adopted an adversarial posture towards the Court, making the trial of a difficult and protracted case even more difficult, particularly considering the hostility that exists between Dr. Howard and Mrs. Howard and the fact that Mrs. Howard is *pro se*.

The entire thrust of the Complainant's case has been to create confusion, delay and judicial error. Counsel for Complainant has advised the Court of his intention to appeal this matter even before a decision has been rendered. Since Counsel has lodged a motion with the Clerk of Court to recuse itself, the Court assumes that it will become a part of the record, pursuant to Rule 5A:7(a)(1), and even though this motion was not pursued, the Court is compelled to state that it abounds with deceit, deception, distortion of facts, taking comments and statements out of context, misrepresentation and half-truths. As an example, Counsel has alleged that any judge of this Court could hear this matter since Judge Fortkort heard part of this case. Counsel knows that the matter Judge Fortkort heard was in another case. It was a suit filed by Dr. Howard's former attorney to collect his attorney's fees, and to the Court's knowledge, Mr. Willett represents Dr. Howard in that matter as well. The Court wishes to state for the record that it has no

animosity towards anyone and believes that both Dr. Howard and Mrs. Howard have received a fair trial. *Stockton v. Commonwealth*, 227 Va. 124, 141, 314 S.E.2d 382 (1984); *Deahl v. Winchester Dept. Soc. Serv.*, 224 Va. 664, 672–73, 399 S.E.2d 863, 867 (1983).

Since this case was remanded over a year ago, the parties have been before this Court on numerous occasions on notices generated by each party dealing mostly with discovery or lack thereof. In an effort to comply with the remand of the Court of Appeals, this Court granted liberal discovery in this matter. In the course of this, the Court reached the point where it concluded that Dr. Howard had substantially complied with Mrs. Howard's discovery requests. However, this was in error. Mrs. Howard convinced the Court that Dr. Howard was continuing to obstruct the Court's function by refusing to produce the requested discovery.

Because of Dr. Howard's continued refusal to comply with the Court's directives, it became necessary to continue the hearing of this matter on two occasions. It was not until sanctions were imposed of $100.00 per day beginning February 1, 1993, until the requested discovery was turned over to Mrs. Howard, and the suggestion of possible contempt and incarceration that Dr. Howard made any genuine effort to comply. On March 11, 1993, Dr. Howard signed a consent agreement for Mrs. Howard to receive certain discovery. Dr. Howard was never told by this Court to deliver discovery to anyone or any place except to Mrs. Howard but he chose instead to deliver this information directly to the courthouse. He has spent hours during this hearing trying to convince the Court that he should not be sanctioned. The evidence he has offered has had three effects. First, it has convinced the Court that his actions, or more appropriately, inactions, have been designed to create confusion, delay and judicial error. Second, at $175 per hour, it has substantially increased his attorney's fees. Third, it has convinced the Court that sanctions are appropriate.

The Court awards sanctions to Mrs. Howard in the amount of $3800.00, representing $100.00 per day from February 1, 1993, through March 10, 1993, and directs that said sum be paid out of the sale of any real estate owned or partially owned by Dr. Howard. The Clerk of the Court is ordered to docket this in the judgment lien docket of this Court.

To the extent that evidence has been offered, the Court has considered all of the statutory factors involved relevant to any and all issues joined in these proceedings.

Dr. Howard is 59 years old, a successful dentist who while married to Mrs. Howard for twenty-five years provided a life-style that consisted of purchasing the house in which he lives and in which he still practices dentistry, the purchase of two condominiums in the Rotunda, a luxury high-rise unit in McLean, Virginia, a condominium at 10212 Bushman Drive in Vienna, Virginia, in which his eldest son resides, buying Cadillacs, taking trips to the Greenbriar, and in general providing a comfortable life for Mrs. Howard and their three children. During the marriage, Mrs. Howard assisted Dr. Howard in his dental practice for twenty-two years. Dr. Howard called their two older sons as witnesses dealing primarily with non-monetary contributions to the marriage. Both sons are estranged from their mother and are so biased in favor of their father that the court does not consider their testimony credible.

Mrs. Howard is 54 years old and dropped out of college in her junior year. Mrs. Howard is unemployed and has no marketable skills. At most, she has some typing ability and has a number of medical problems according to her testimony. The Court is not convinced that Mrs. Howard is employable and is not willing to impute any income to her. Dr. Howard also claims certain medical problems, but it is undisputed that he is active in his profession, still participates in karate, and was able in 1992 to earn gross income somewhat in excess of $183,000.00.

Provisions have already been made with regard to the marital property under § 20–107.3, and in making the following findings, the Court has considered this as well as the other statutory factors.

Dr. Howard's gross income from his dental practice in 1992 was $157,316.00 and $26,000.00 from his work at Saylors Laboratory, for a total of $183,316.00. Out of this sum, he paid himself a salary of $91,105.00. In addition, his dental corporation paid the following for fiscal year 1992:

Rent — $ 4800.00
Utilities — $ 1747.00
Telephone — $ 1479.00
Auto Expenses — $ 6823.00
Entertainment — $ 1434.00
Dues & Subscriptions — $ 1203.00
Insurance — $ 4674.00
Other Office Expenses — $ 5980.00

$28,140.00

The Court finds that the child support guidelines in § 20–108.2 are appropriate and sets child support for the youngest child who lives with Mrs. Howard at $890.00 per month beginning May 1, 1993, and on the first day of each month thereafter, until further order of the Court.

The Court awards the sum of $2500.00 per month as spousal support to Mrs. Howard beginning May 1, 1993, and on the first day of each month thereafter, until further order of the Court.